## UNITED STATES v. LONG.

(District Court, D. Oregon. January 2, 1911.)

No. 5,100.

1. UNITED STATES (§ 52*)—PUBLIC LAND OFFICE—OFFENSES—INDICTMENT.
    Where an indictment alleged that defendant, being then and there a
    clerk in the employ of the government in the United States land office at
    D., during his continuance in office, did wrongfully and unlawfully agree
    to receive compensation for services rendered to a public land entryman,
    etc., sufficiently alleged that accused was an official or clerk of the gov-
    ernment.
    [Ed. Note.—For other cases, see United States, Dec. Dig. § 52.*]

2. UNITED STATES (§ 52*)—PUBLIC LAND OFFICE—OFFENSES—INDICTMENT.
    Where an indictment against a clerk of a government land office for
    unlawfully agreeing to receive compensation for services rendered to an
    entryman alleged that the services were rendered in relation to a pro-
    ceeding and claim in which the United States was a party and interested,
    before the United States land office, to obtain title to certain government
    land from the government, it sufficiently appeared that the land concern-
    ing which the alleged agreement was had was the property of the United
    States.
    [Ed. Note.—For other cases, see United States, Dec. Dig. § 52.*]

3. UNITED STATES (§ 52*)— PUBLIC LAND OFFICE — OFFENSES — INDICTMENT—
    STATUTES—CONSTRUCTION.
    Rev. St. § 1782 (U. S. Comp. St. 1901, p. 1212), declares that any officer
    or clerk in the employ of the government is inhibited from receiving or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agreeing to receive any compensation for any services rendered or to be rendered to any person in relation to any proceeding, matter, or thing in which the United States is a party, or interested, before any department. *Held* that, since an application to purchase lands from the government under the timber and stone act (Act June 3, 1878, c. 151, 20 Stat. 89 [U. S. Comp. St. 1901, p. 1545]) is in effect the inauguration of a proceeding through which land is acquired from the government, in which the government is an interested party, such act covered an agreement by a clerk in the employ of the government in a local land office to receive compensation for services rendered in informing an entryman when certain land belonging to the United States would be open for entry under such act, and in assisting him to obtain title thereto from the United States under such act.

[Ed. Note.—For other cases, see United States, Dec. Dig. § 52.*]

Amos W. Long was indicted for furnishing information and rendering services to one Gray, for hire, to assist him in the entry of certain land belonging to the government. On demurrer to indictment. Overruled.

John McCourt, U. S. Atty.
Veazie & Veazie, for defendant.

WOLVERTON, District Judge. The indictment charges that the defendant was, between the dates of January 1, 1906, and June 10, 1908, a duly appointed, qualified, and acting clerk in the United States land office at The Dalles, Or.; that subsequent to December 10, 1907, the defendant, as such clerk, furnished certain information and rendered services to one Gray, by informing and advising him of the status of the title to a certain quarter section of land, specifically described, and other lands, the description of which is unknown, and also by informing him when such lands would be open to entry under the public land laws of the United States; that thereafter, on or about April 10, 1908, the said Gray, in behalf of one Bennett, promised and agreed to pay defendant one-half of all sums of money that Bennett should receive for the said described quarter section of land after procuring title thereto from the government of the United States under the timber land laws, over and above the costs of procuring such title, and that the defendant agreed to receive from Bennett such sum as the latter promised to pay him as compensation for services rendered to the said Gray, and to be rendered Bennett, in relation to said lands, and to any entry or application made to obtain the title thereto from the United States; that in pursuance of said agreement, Bennett made application at said United States land office at The Dalles, Or., to purchase said lands under what is known as the "Timber and Stone Act" (Act June 3, 1878, c. 151, 20 Stat. 89 [U. S. Comp. St. 1901, p. 1545]); and thereupon it is charged:

"That the defendant, Amos W. Long, being then and there the clerk in the employ of the government, to wit, in the United States land office at The Dalles, Oregon, and during his continuance in office, did, at the time aforesaid, in the state and district of Oregon and within the jurisdiction of this court, wrongfully and unlawfully agree to receive compensation for services

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rendered and to be rendered to O. J. Gray and Fred A. Bennett by himself in relation to a proceeding and claim in which the United States was a party and interested, before the United States land office at .The Dalles, Oregon, as aforesaid, contrary to the form of the statute," etc.

This indictment is challenged by demurrer. It is first urged that it is not shown that the defendant was an official or clerk of the government. I think, however, the fact sufficiently appears by the allegation that he was a clerk in the United States land office. That office is none other than a government office, and this answers the objection.

It is next suggested that it does not appear that the lands concerning which the alleged agreement was had were the property of the United Sates; but it is alleged that title thereto was sought from the government. While it may be that the indictment might have been drafted with greater technical accuracy, yet I do not deem it vulnerable to these objections.

The greater stress is laid, however, upon a contention that, under the facts disclosed, an indictment will not lie for a violation of section 1782, Rev. St. (U. S. Comp. St. 1901, p. 1212). By this section any officer or clerk in the employ of the government is inhibited from receiving or agreeing to receive any compensation for any services rendered or to be rendered to any person in relation to any proceeding, matter, or thing in which the United States is a party, or interested, before any department. Construing this statute, the inhibited services are such as are rendered or to be rendered any person, in relation to any proceeding, matter, or thing in which the United States is a party, or interested, before any department of the government.

An application for the purchase of land from the government under the timber and stone act is, in effect, the inauguration of a proceeding through which to acquire the land from the government, and in which the government is an interested party. It is an interested party in two aspects: First, in its governmental aspect, to see that the laws are enforced and obeyed; and, second, in its proprietary right, as the owner of the land the title to which is sought to be acquired from it. But, were the application to purchase land from the government not the inauguration of a proceeding, it is a matter or thing, at least, in which the government is an interested party. The statute is very broad and comprehensive, and no doubt was designed to cover all cases where the officer or clerk might render services to parties which might be detrimental to the government's interest in some way. The officers and clerks are paid by the government, and their whole time is due to the government. But, beyond this, their positions are more or less confidential, and afford them the opportunity of gaining information respecting the government's side of any proceeding, matter, or thing arising in which it may be interested. So that, if the officers or clerks were allowed to sell their services in relation to such matters to parties other than the government, it would put the government at great disadvantage, and lead to confusion and distrust, and unfaithful and indifferent service. The purpose of the section under which this indictment was drawn is, among other things, to obviate such a state of affairs, and to insure, as far as possible, faithful and trustworthy service by the government's officers and clerks. Such, in effect, is the

construction given to this section by the Supreme Court in Burton v. United States, 202 U. S. 344, 370, 26 Sup. Ct. 688, 50 L. Ed. 1057.

I am of the opinion that the indictment is sufficient, and therefore overrule the demurrer.